Gerard F. Dunne, Esq.
Law Offices of Gerard F. Dunne, P.C.
156 Fifth Avenue
Suite 1223
New York, NY  10010
(212) 645-2410

**CV   05     529**

Attorney for the Plaintiff

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

IMIG, INC.

      a corporation of the State of New York,

                    Plaintiff,

           v.

ELECTROLUX HOME CARE PRODUCTS, LTD.

      a corporation of the State of Delaware

                 Defendant.

-------------------------------------------------------------------X

Civil Action No.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★  JAN 28 2005  ★
BROOKLYN OFFICE

SEYBERT J

ORENSTEIN M.J

## COMPLAINT

Plaintiff for its Complaint against the Defendant, respectfully alleges as follows:

## THE PARTIES

    1.    The Plaintiff, Imig, Inc.(hereinafter "Imig") is a corporation of the State of

New York, having its primary place of business within this judicial district at 55 Lamar

Street, W. Babylon, Long Island, New York   11701.

    2.    Upon information and belief, the Defendant, Electrolux Home Care Products,

Ltd., (hereinafter "Electrolux") is a corporation of the State of Delaware having its primary

1

place of business at 807 North Main Street, Bloomington, Illinois 61701. The plaintiff is informed and believes and on that basis alleges that Electrolux is doing business in the State of New York and in this judicial district.

## JURISDICTION AND VENUE

3.     The first claim herein is for a declaratory judgement brought under the Federal Declaratory Judgement Act, 28 U.S.C. § 2201-02, and seeks a declaratory judgement of non-infringement of any rights that can be asserted against Imig by Electrolux under the Trademark Act of 1946, specifically 15 U.S.C. § 1125(a). This court has jurisdiction of this claim under 15 U.S.C. § 1121 as well as 28 U.S.C. §§ 1331(a), 1338(b) and 2201(a) and 2202.

4.     The second claim is for a declaratory judgement brought under the Federal Declaratory Judgement Act, 28 U.S.C. § 2201-02, and seeks a declaratory judgement Imig has not competed unfairly or infringed any rights that can be asserted by Electrolux under the common law, the unfair competition laws of the State of New York, or the unfair competition laws or unfair and deceptive trade practices laws of any state. The parties are citizens of different states and the amount in controversy is believed to exceed $75,000 exclusive of interests and costs. Therefore, jurisdiction is conferred by 28 U.S.C. § 1332. This claim is joined with a substantial and related claim under the Trademark Laws of the United States and, therefore, jurisdiction is further conferred by 28 U.S.C. §§ 1338(b) and 1367.

5.     The third claim herein arises under the false advertising laws of the United States as set forth in The Trademark Act of 1946, particularly 15 U.S.C. § 1125(a)(1)(B). Accordingly, subject matter jurisdiction is conferred on this court by virtue of 15 U.S.C. §

2

1121 as well as 28 U.S.C. §§ 1331 and 1338(b).

6.     The fourth claim herein arises under the false advertising and unfair competition and deceptive trade practices laws of the State of New York, common law and laws of other states. The parties are citizens of different states and the amount in controversy is believed to exceed $75,000 exclusive of interests and costs. Therefore, jurisdiction is conferred by 28 U.S.C. § 1332. This claim is joined with substantial and related claims under the false advertising laws of the United States and, therefore, jurisdiction is conferred by 28 U.S.C. §§1338(b) and 1367.

7.     The fifth claim herein is for the tortious interference with existing or prospective business relations of Imig under the common law of the State of New York. The parties are citizens of different states and the amount in controversy is believed to exceed $75,000. Therefore, jurisdiction is conferred by 28 U.S.C. § 1332. This claim is joined with a substantial and related claim under the false advertising laws of the United States and, therefore, jurisdiction is further conferred by 28 U.S.C. §§ 1338(b) and 1367.

8.     The sixth claim herein is for commercial disparagement under the common law of the State of New York. The parties are citizens of different states and the amount in controversy is believed to exceed $75,000. Therefore, jurisdiction is conferred by 28 U.S.C. § 1332. This claim is joined with a substantial and related claim under the false advertising laws of the United States and, therefore, jurisdiction is further conferred by 28 U.S.C. §§ 1338(b) and 1367.

9.     The seventh claim herein is for *prima facia* tort under the common laws of the State of New York. The parties are citizens of different states and the amount in controversy is believed to exceed $75,000. Therefore, jurisdiction is conferred by 28 U.S.C. § 1332. This claim is joined with a substantial and related claim under the false advertising laws of

3

the United States and, therefore, jurisdiction is further conferred by 28 U.S.C. §§ 1338(b) and 1367.

10.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNT I: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF ANY FEDERAL TRADE DRESS RIGHTS ASSERTED BY ELECTROLUX

11.     Imig is in the business of selling vacuum cleaners from this judicial district and has recently introduced its Perfect P101 and Perfect P102 upright vacuum cleaners. Imig markets its vacuum cleaners through wholesalers and distributors who sell the vacuum cleaners to retailers and eventual users such as janitorial or cleaning services.

12.     Representatives and agents of Defendant Electrolux have been contacting such wholesalers and distributors of Imig for the Perfect P101 and Perfect 102 vacuum cleaners and stating falsely that the Perfect P101 and Perfect P102 vacuum cleaners infringe rights of Electrolux, and any purchasers of such vacuum cleaners, including such wholesalers and distributors and their customers, will be sued by Electrolux should they purchase the Perfect P101 and Perfect P102 vacuum cleaners. Such charges had been made at the ISSA Show held in New Orleans, Louisiana in November 16 through 19, 2004, and effected interstate commerce.

13.     Customers of Imig for its Perfect P101 and Perfect P102 vacuum cleaners have either not placed orders for the Perfect P101 and Perfect P102 as a direct result of such false charges made by or on behalf of Electrolux, or reduced their orders as a result of a fear of a lawsuit from Electrolux.

14.     Further, attorneys for Electrolux sent a letter dated January 14, 2005 to Imig asserting the Perfect P101 and Perfect P102 vacuum cleaners infringe rights of Electrolux, specifically Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and various state and

4

common law unfair competition and unfair and deceptive trade practices laws. In that letter of January 14, 2005, attorneys for Electrolux threatened suit against Imig, and such letter was sent into this judicial district.

15.     None of the common aspects of the design or ornamental style of any Electrolux products and the Perfect P101 and Perfect P102 vacuum cleaners are, by their very nature, inherently able to identify to consumers the source of vacuum cleaners.

16.     All patent and related rights of Electrolux pertaining to any features of Electrolux products in common with the Perfect P101 and Perfect P102 vacuum cleaners have expired.

17.     Attorneys for Electrolux have charged a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and various state and common law unfair competition and unfair and deceptive trade practices laws as a result of "copying" by Imig of features of Electrolux vacuum cleaners.

18.     Copying if occurred is lawful competition and not illegal as stated by Electrolux and its agents under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or various state and common law unfair competition and unfair and deceptive trade practices laws.

19.     Any of the common aspects of the design or ornamental style of any Electrolux products and the Perfect P101 and Perfect P102 vacuum cleaners are functional or desirable features of vacuum cleaners and do not serve as indicators of origin.

20.     The claims of Electrolux that the Perfect P101 and Perfect P102 vacuum cleaners infringe any rights of Electrolux are untrue and unsupportable at law.

21.     Electrolux and its agents when making the charges the Perfect P101 and Perfect P102 vacuum cleaners infringe any rights of Electrolux knew or should have known that such

5

charges are untrue and unsupportable at law

22.     A true and actual controversy, therefore, exists between Electrolux and Imig concerning whether the style, ornamentation, product configuration or trade dress of vacuum cleaners marketed by Imig infringe any protectable elements of the trade dress of Electrolux products.

23.     Plaintiff Imig, therefor, requests pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgement declaring that the Perfect P101 and Perfect P102 vacuum cleaners marketed by Imig in the United States do not violate any protectable rights of Electrolux.

## COUNT II:  DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF ANY COMMON LAW OR STATE LAW UNFAIR COMPETITION AND UNFAIR AND DECEPTIVE TRADE PRACTICES LAWS AS ASSERTED BY ELECTROLUX

24.     As a second and complete ground of relief Imig hereby repeats the allegations of paragraphs 1 through 23 as though fully set forth herein.

25.     The claims of Electrolux that the Perfect P101 and Perfect P102 vacuum cleaners  infringe any state common law or unfair competition or unfair or deceptive trade practices laws as asserted by Electrolux are untrue and unsupportable at law.

26.     Electrolux and its agents when making the charges the Perfect P101 and Perfect P102 vacuum cleaners infringe any state, common law, unfair competition or unfair and deceptive trade practices laws knew or should have known that such charges were untrue and unsupportable at law

27.     A true and actual controversy, therefore, exists between Electrolux and Imig concerning infringement by Imig of any state or common law of unfair competition or unfair and deceptive trade practices laws the marketing of its products.

6

28.     Plaintiff Imig, therefor, requests pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgement declaring that the Perfect P101 and Perfect P102 vacuum cleaners marketed by Imig in the United States do not violate any common law, unfair competition or unfair and deceptive trade practices laws.

## COUNT III: FALSE ADVERTISING IN VIOLATION OF THE FEDERAL LANHAM ACT

29.     As a third and complete ground of relief, the plaintiff hereby charges the defendant with false advertising in violation of the Federal Lanham Act, and Imig hereby repeats the allegations of paragraphs 1 through 28 as though fully set forth herein.

30.     Electrolux through its agents and attorneys has been violating 15 U.S.C. § 1125(a)(1)(B) by contacting in interstate commerce distributors and wholesalers of the P101 and P102 vacuum cleaners and stating falsely such products infringe rights of Electrolux and that they and their customers for the P101 and P102 vacuum cleaners would be sued if they purchased such products.

31.     Electrolux through its agents has also stated falsely that Imig has been sued by Electrolux as a result of its marketing the P101 and P102 vacuum cleaners. Electrolux knew of certainly should have known that the accused P101 and P102 vacuum cleaners did not violate any rights of Electrolux, that Imag had not been sued by Electrolux, and that such statements were made with reckless disregard for the truth.

32.     Such statements were made in interstate commerce to Jon-Don company of Chicago, Illinois at the ISSA Show held in New Orleans, Louisiana, among others, and such statements were untrue, made recklessly and were, upon information and belief, calculated to leave a false impression that Imig had been improperly copying products of Electrilux and selling products in violation of intellectual property laws.

7

33.    Such false impressions are completely untrue and the falsehood of such was known or should have been known to Electrolux and its attorneys and agents.

34.    The false statements set forth in paragraphs 30 and 31 above had a tendency to deceive recipients of such statements, and the deceptions fostered by or on behalf of Electrolux were believed intended to influence decisions of the customers of Imig to continue purchasing the P101 and P102 vacuum cleaners from Imig.

35.    At least one such customer, Jon-Don company of Chicago, Illinois, did in fact decline to purchase the P101 and P102 vacuum cleaners from Imig as a direct and intended result of the false statements made by or on behalf of Electrolux.

36.    The charges made by or on behalf of Electrolux to customers of Imig for the P101 and P102 vacuum cleaners from Imig were believed intended to leave, and did leave, the false impression that Imig products are illegitimate or illegal, and had a tendency and did in fact deceive customers of Imig concerning the legality of Imig's activities in developing and marketing its products in the United States.

37.    By such charges, Electrolux promoted false statements which misrepresent the value, characteristics and quality of Imig's P101 and P102 vacuum cleaners.

38.    The P101 and P102 vacuum cleaners of Imig that were asserted by or on behalf of Electrolux to violate the rights of Electrolux are marketed and sold by Imig in interstate commerce, and the communications made by or on behalf of Electrolux to inhibit through false statements the legitimate business competition of Imig were made in interstate commerce within the United States.

39.    There is a likelihood that Imig will lose good will and its reputation will be damaged as a result of such false statements made by or on behalf of Electrolux that Imig markets illegal products and has copied illicitly products of Electrolux, and that sales of the

8

legitimate vacuum cleaners of Imig will be depressed as a result of the unlawful activities of Electrolux.

## COUNT IV: FALSE ADVERTISING AND UNFAIR COMPETITION UNDER THE LAWS OF THE STATE OF NEW YORK

40.     As a fourth and complete ground of relief, the plaintiff hereby charges the defendant with unfair competition and false advertising under the common law of the State of New York as well as Sections 349 and 350 of the New York General Business Law; and hereby re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

41.     Imig has expended great efforts and energy to develop the P101 and P102 vacuum cleaners.

42.     As a result of the defendant Electrolux falsely describing the P101 and P102 vacuum cleaners as noted in paragraph 30 and 31 above, Electrolux has falsely misrepresented the quality and legality of the marketing of the vacuum cleaners of Imig to the detriment and injury of Imig.

43.     Upon information and belief, the defendant Electrolux has knowingly and deliberately misappropriated and diverted the valuable good will and reputation earned by Imig and such activities by Electrolux and its agents were done with the wanton and malicious intention of diminishing and depriving Imig of its legitimate opportunity to compete in the vacuum cleaner market.

44.     The defendant Electrolux and its agents have been misappropriating and diverting the reputation and goodwill of Imig through false statements and are thereby competing unfairly with Imig.

45.     Upon information and belief, the unfair competition of the defendant Electrolux and its agents has included false representations by others to repeat bogus charges

9

that Imig has been sued or is violating rights of Electrolux; and such false statements are damaging and injuring the legitimate business interests and good will of Imig.

46.     Imig has suffered substantial damages as a result of the activities of the defendant Electrolux and its agents; and such damages are irreparable and are likely to continue unless enjoined by this court.

## COUNT V: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

47.     As a fifth and complete ground of relief, the plaintiff hereby charges the defendant Electrolux with intentional interference with business relations and Imig hereby repeats the allegations of paragraphs 1 through 46 as thought set forth fully herein.

48.     Upon information and belief, Electrolux through its agents has been contacting customers and potential customers of Imig for its P101 and P102 vacuum cleaners and has threatened such customers with legal action by Electrolux if such customers for Imig P101 and P102 vacuum cleaners should purchase or continue to purchase or sell the P101 and P102 vacuum cleaners obtained from Imig.

49.     Such threats made by or on behalf of Electrolux are believed to be made for the purpose of intimidating customers of Imig from continuing to sell the P101 and P102 vacuum cleaners and to inhibit such customers from reordering the P101 and P102 vacuum cleaners from Imig or otherwise continuing a business relationship with Imig.

50.     The charges and threats made by or on behalf of Electrolux to customers of Imig for such vacuum cleaners have been calculated to interfere improperly with the ability of Imig to continue its business relationships with its customers without interference.

51.     As a result of illicit and improper interferences with the relationship between Imig and its customers for vacuum cleaners, sales of Imig vacuum cleaners have been

10

depressed and Imig has suffered damage both monetarily and to its business reputation.

52.    In the statements made by or on behalf of Electrolux to customers of Imig for vacuum cleaners, charges of infringement have been made which are overboard and cannot be supported at law or under usual business custom. Such charges were made without justification and were an illicit attempt to interfere with legitimate business competition of Imig in vacuum cleaners.

53.    Upon information and belief, the statements made to customers of Imig for vacuum cleaners that vacuum cleaners of Imig infringe rights of Electrolux, or that Imig has been sued are false and were made to injure the business reputation and ability of Imig to market its vacuum cleaners in the United States.

54.    Upon information and belief, Electrolux or its agents knew or should have known that its false statements noted above were false when made.

55.    As a result of such threats, charges and false statements made to the customers of Imig for vacuum cleaners, customers such as Jon-Don have declined to purchase the P101 and P102 vacuum cleaners from Imig, and Imig has been damaged in the amount as yet undetermined but believed to be in excess of $1,000,000.00.

56.    The actions as set forth in this claim were, upon information and belief, done maliciously and wantonly so as to unlawfully deprive Imig of its legitimate business opportunities and, therefore, subject Electrolux to punitive damages in an amount to be ascertained by this Court.

## COUNT VI: CLAIM FOR COMMERCIAL DISPARAGEMENT

57.    As a sixth and complete ground of relief, the plaintiff hereby charges the defendant Electrolux with commercial disparagement in violation of the law of New York

11

and the common law, and Imig hereby repeats the allegations of paragraphs 1 through 56 as though set forth fully herein.

58.    The statements made by or on behalf of Electrolux to the distributors and wholesalers or other customers of Imig as noted in paragraphs 30 and 31 above are untrue and include statements of fact that are not only untrue, but are believed to have been known to be untrue when made, or with reckless disregard for the truth.

59.    Such false and untrue statements as noted above were made without privilege and were believed made for the intent of causing loss to Imig as a result of such false statements and to damage the reputation of Imig.

60.    Upon information and belief, such false statements were intended by Electrolux and were communicated with the intent to evict Imig from its legitimate business activities in marketing vacuum cleaners, and were done maliciously and wantonly and thus subject Electrolux to punitive damages to be ascertained by this Court.

## COUNT VII: PRIMA FACIE TORT

61.    As a seventh and complete ground of relief, the plaintiff hereby charges the defendant Electrolux with *prima facie* tort, and Imig hereby repeats the allegations of paragraphs 1 through 60 as though set forth fully herein.

62.    By providing the false and untrue statement to customers of Imig as set forth in paragraphs 30 and 31, Electrolux through its agents has intentionally inflicted upon Imig and its customers harm that has resulted in lost sales and business opportunities, and resulted in financial damages and diminished business opportunities for Imig and its customers to compete lawfully in the market for vacuum cleaners.

63.    Electrolux by and through its agents has committed a *prima facie* tort against

12

Imig of injurious falsehood and has damaged Imig irreparably by causing it to lose sales as well as to damage its reputation and good will in an amount undetermined.

64.    Upon information and belief, such activities were done maliciously and wantonly and subject Electrolux to punitive damages in an amount to be determined by this Court.

WHEREFOR plaintiff Imig requests judgment against the defendant Electrolux as follows:

A.    That the Court declare that the distribution, marketing, promotion or sale of vacuum cleaners of Imig does not violate any trademark or trade dress of Electrolux or compete unfairly with Electrolux or violate 15 U.S.C. § 1125(a) or the unfair competition laws of any state or the unfair and deceptive trade practices laws of any state;

B.    Finding that Electrolux as both interfered with prospective and existing business relationships of Imig with its customers to the damage and injury of Imig;

C.    Finding that Electroluxhas violated 15 U.S.C § 1125 by using interstate commerce in connection with the making of false statements concerning the quality or characteristics of vacuum cleaners marketed by Imig;

D.    Finding that Electrolux has commercially disparaged Imig and the vacuum cleaners marketed thereby to the damage and injury of Imig;

E.    Finding that Electrolux has committed the *prima facie* tort of injurious falsehood against Imig by making false and misleading statements concerning vacuum cleaners marketed by Imig and the business ethics and activities of Imig to the damage and injury of Imig;

F.    That the defendant Electrolux and its agents, servants, employees, attorneys

13

and those persons in active concert or participation therewith be temporarily, preliminarily and permanently enjoined and restrained

(i) from directly or indirectly making or causing to be made any charges that any vacuum cleaners of Imig violate any patents, trademark or trade dress rights of Electrolux in its line of vacuum cleaners, or violate any unfair and deceptive trade practices laws;

(ii) that Electrolux be required to identify to Imig and file with this Court within ten days after judgement a report in writing and under oath identifying each and every individual and business entity to which charges have been made by or on behalf Electrolux that any vacuum cleaners of Imig violate any rights including patents, trade dress or trademark rights of Electrolux or violate any unfair and deceptive trade practices laws; and that each such individual or his/her associated business entity has been notified in writing that such charges are false and contrary to law;

(iii) and from making any further charges that any rights of Electrolux have or are being violated by Imig or its officers or employees or related companies to any customer of Imig until after such charges have been made directly to Imig or its counsel and a reasonable opportunity has been given to Imig to respond to such charges;

G. That an accounting and judgment be rendered against Electrolux for all damages sustained by Imig as a result of the violations of law set forth in the third through fifth claims to compensate Imig for the economic injury sustained by Imig as a direct and proximate result of the statements made by or on behalf of Electrolux, including the profits resulting to Electrolux as a result of the unlawful inhibiting of the legitimate business activities of Imig;

H. Awarding Imig its reasonable attorney fees for its declaratory

14

judgements of pertaining to any violation of 15 U.S.C. § 1125(a) as authorized by 15 U.S.C. § 1117;

I.    Awarding Imig its reasonable attorney fees for its prosecution of the third claim pertaining to 15 U.S.C. § 1125(a)(1)(B) as authorized by 15 U.S.C. § 1117;

J.    Awarding the damages to Imig for violation of 15 U.S.C. § 1125(a)(1)(B) be trembled as authorized by 15 U.S.C. § 1117;

K.    Awarding Imig its damages and attorney fees for violation of the New York laws pertaining to consumer protection and unfair competition as noted in the General Business Law §§ 349 and 350, and 360-m;

L.    Awarding Imig the monetary award to compensate for its loss of good will and reputation as a result of the activities of Electroluxas set forth in claims three through seven;

M.    Awarding Imig punitive damages as requested for claims four through seven;

N.    Awarding Imig its full costs and litigation expenses; and,

O.    Further relief as the Court deems just and proper.

Dated:    New York, New York
          January 28, 2005

Respectfully submitted,

Gerard F. Dunne (GD3323)
Attorney for Plaintiff Imig, Inc.
Law Offices of Gerard F. Dunne, P.C.
156 Fifth Avenue
Suite 1223
New York, NY 10010
Tel: 212-645-2410
Fax: 212-645-2435

15